UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAURA WILLIAMS,

       Plaintiff,

    -against-

LOMBARDO, DAVIS & GOLDMAN,

       Defendant.

**VERIFIED COMPLAINT and DEMAND
FOR JURY TRIAL**

NOW COMES Plaintiff, Laura Williams ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, Lombardo, Davis & Goldman ("Defendant"), alleges as follows:

### Nature of the Action

1.      This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2.      Plaintiff is a natural person residing in Wayne County, Michigan.

3.      Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.      Defendant is a national company having its principal place of business located in Kenmore, Erie County, New York.

5.      Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. The amount of the alleged debt is approximately four-hundred dollars ($400.00).

12. Approximately one (1) month ago, Defendant started placing collection calls to Plaintiff from telephone number (888) 462-7852 seeking and demanding payment for the alleged debt.

13. Plaintiff made two (2) previous payments with Defendant in regards to the alleged debt. Plaintiff made one payment of one-hundred dollars ($100.00) and a second payment of one-hundred forty-eight dollars ($148.00).

14. Defendant threatened to have Plaintiff arrested if Plaintiff did not pay the alleged debt.

15. Defendant accused Plaintiff of fraud and threatened to file a lawsuit against Plaintiff for the fraud.

2

16.     Defendant failed to identify itself as a debt collector in subsequent communications as Defendant did not state that this was an attempt to collect a debt when leaving a voicemail message for Plaintiff.

## CLAIM FOR RELIEF

17.     Defendant's violations of the FDCPA include, but are not limited to, the following:

a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

b.  Defendant violated *§1692e(4)* of the FDCPA by falsely implying that Plaintiff's non-payment of her alleged debt would result in Plaintiff's arrest or imprisonment;

c.  Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so;

d.  Defendant violated *§1692e(7)* of the FDCPA by falsely representing and/or implying that Plaintiff committed a crime in order to disgrace the Plaintiff;

e.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely implying that Plaintiff's non-payment of her alleged debt would result in Plaintiff's arrest or imprisonment;

f.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so;

3

g.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing and/or implying that Plaintiff committed a crime in order to disgrace the Plaintiff; and

h.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

18.  Plaintiff is entitled to her attorney's fees and costs incurred in this action

19.  This case presents an actual and justifiable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for the following:

(1)  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2)  Actual damages

(3)  Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k

(4)  Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5)  Awarding such other and further relief as may be just, proper and equitable.

Dated: February 10, 2010

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-289-0898
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Laura Williams, hereby demands a jury trial in this matter.

## VERIFICATION

STATE OF MICHIGAN     )

           *WAYNE*     :ss.:

COUNTY OF *MICHIGAN*

Plaintiff, LAURA WILLIAMS, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LAURA WILLIAMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _02/9/2010_

                                   *Laura Williams*
                                     LAURA WILLIAMS